Dear Frank:
I am in receipt of your request for an Attorney General's opinion on behalf of the Orleans Parish School Board inn reference to LSA-R.S.17:463(B). Specifically, you seek an opinion concerning the following:
 The rights and responsibilities of the parties in two instances; namely:
 1) Where promotional contracts for the employment of certificated personnel have expired on its terms and have not since been renewed; and
 2) Where appointments have been made after July 31, 1985, to certificated positions higher than that of teachers without executing written contracts of employment for such appointments.
In a telephone conversation, you indicated that both of your questions address a situation or contract that was entered into after July 1985. One situation involves certificated employees that initially had a contract with the school board that expired and they are still working and the other situation involves employees that were appointed without written contracts.
LSA-R.S. 17:463 pertains to promotions to and employment into positions of higher salary and tenure for the New Orleans Parish School Board. Section A applies only to promotions to a higher position that occurred prior to August 1, 1985. Section B applies only to promotions to or employment in a higher position that occurred on or after July 1, 1985.
LSA-R.S. 17:463(B) states the following:
 (1) Whenever a teacher who has acquired permanent status, as set forth in R.S. 17:461, in the Orleans Parish school system is promoted by the employing school board by moving such teacher from a position of lower salary to one of higher salary, such teacher shall not gain permanent status in the position to which he was promoted but shall retain the permanent status acquired as a teacher, pursuant to R.S. 17:461.
 (2) Where a teacher has not completed the probationary period for teachers as required by R.S. 17:461, and is promoted to a higher position, the probationary period as a teacher shall continue to run and at the end of such three year probationary period the teacher shall automatically acquire permanent status in the previously held position of teacher.
 (3) Except as provided otherwise by R.S. 17:54(B), relative to the maximum term of a school superintendent elected by city or parish school board, whenever a person is employed to take a position that pays a higher salary than that paid to a teacher in the system and the employment in the position of higher salary requires a teaching certificate or any appropriate administrative/supervisory endorsement, or both, all the provisions of this Subsection with regard to employment pursuant to a written contract containing performance objectives for a period of not more than four nor less than two years shall apply. Such a person shall, however, automatically acquire permanent status in the position of teacher after the successful completion of three years of service in the position for which he was hired provided the person is qualified to teach.
 (4)(a)(i) Except as provided otherwise by R.S. 17:54(B), relative to the maximum term of a superintendent of schools elected by a city or parish school board, the employment provided for in this Section shall be for a term of not less than two years, except when such employment is for a temporary position, nor more than four years, and said term shall be specified in a written contract, which shall contain performance objectives.
 (ii) Notwithstanding the provisions of R.S. 42.3 and except as provided otherwise by R.S. 17:54(B), relative to the maximum term of a superintendent of schools elected by a city or parish school board, the term of employment provided in this Section may be for a longer period of time than the term of office of the employing school board.
 (b)(i) The board and the employee may enter into subsequent contracts of employment. Not less than one hundred and twenty days prior to the termination of such a contract, the board shall notify the employee of termination of employment under such contract, or in lieu thereof the board and the employee may negotiate and enter into a contract for subsequent employment.
 (ii) The employee may choose not to enter into subsequent contacts and may either terminate his employment or, if he has acquired permanent status as a teacher, resume employment as a teacher.
 (iii) The employee shall be retained during the term of a contract unless the employee is found incompetent or inefficient or is found to have failed to fulfill the terms and performance objectives of his contract. However, before an employee can be removed during the contract period, he shall have the right to written charges and a fair hearing before the board after reasonable written notice.
 (iv) The board shall negotiate and offer a new contract at the expiration of each existing contract unless the superintendent recommends against a new contract based on an evaluation of the contractee as provided for in R.S. 17:391.5, or unless failure to offer a new contract is based on a cause sufficient to support a mid-contract termination as provided in Item (iii) of this Subparagraph, or unless the position has been discontinued, or unless the position has been eliminated as a result of district reorganization, provided that should he position be re-created, the employee, if still employed by the board, shall have first right of refusal to the re-created position.
 (v) If the contracted employee is removed or not renewed and had previously acquired permanent status as a teacher, he shall be returned to his former position as a teacher or to a position paying the same salary as his former position as a teacher unless he chooses to terminate his employment.
 (5) The provisions of this Subsection shall apply only to those whose promotion to or employment in a higher position, as provided herein, occurs on or after July 1, 1985.
Please note that a teacher who has not completed the probationary period for teachers who is promoted to a higher position, the probationary period as a teacher continues to run and at the end of the three year probationary period the teacher shall automatically acquire permanent status in the previously held position as a teacher. (Section 2). Also, the statute requires the term of employment for promotions to a higher position be not less than two years and no more than four years, except when a temporary position is involved. The term shall be specified in a written contract which shall contain performance objectives (Section 4(a)(i)). Also the board is mandated no less than 120 days prior to the termination of the contract to notify the employee of the termination of employment or may negotiate and enter into a contract for subsequent employment. (Section 4(b)(i)). The employee shall be retained during the term of a contract unless the employee is found incompetent or inefficient or is found to have failed to fulfill the terms and performance objectives of his contract. However, he shall have the right to written charges and a fair hearing before the board after reasonable written notice. (See Section 4(b)(iii)) The board shall negotiate and offer a new contract at the expiration of each existing contract unless the conditions as provided for in (4)(b)(iv) occurs.
LSA-R.S. 17:444 deals with promotions to and employment into positions of higher salary in general. LSA-R.S. 17:463 and LSA-R.S. 17:444 were enacted by Acts 1998, 1st Ex. Session on July 1, 1998. The language of both statutes is very similar with the exception that LSA-R.S. 17:463 is specific to promotions to and employment into positions of higher salary for teachers in the Orleans Parish School System and LSA-R.S. 17:444 is for promotions to and employment into positions of higher salary for teachers in general.
Since there is no jurisprudence found in LSA-R.S. 17:463 concerning these issues a review of any relevant jurisprudence on LSA-R.S. 17:444
might be beneficial. In Rousselle v. Plaquemines Parish School Board, 93-1916, (La. 2/28/94), 633 So.2d 1235, the Supreme Court reviewed the Teacher Tenure Law in LSA-R.S. 17:441 et seq. and found that these provisions are for the benefit of teachers, not school boards.
As noted by the Louisiana Supreme Court:
 Act 779 of 1991 amended LSA-R.S. 17:444(B), relative to promotional employment contracts subsequent to the first contract, by providing the conditions under which school boards "may fail to offer a new contract." Act 779 of 1991. The act returned a semblance of job protection to competent tenured teachers employed under promotional contracts when their promotional jobs continue in existence.
The Supreme Court held:
 This 1991 legislation exhibits a reaffirmance of the strong public policy of protecting teacher tenure. Striking an apparent compromise between the historical objective of teacher tenure laws and the departure from the objective by the 1985 legislation, Act 779 of 1991 returns a measure of job security to worthy teachers under promotional contracts whose promotional positions continue in existence. The legislation continues term contract employment and specifically provides for nonrenewal of the contract where the promotional position has been discontinued or the position has been eliminated as a result of district reorganization. Thus, it does not negate the curative qualities of the 1985 legislation by guaranteeing job security where there are no jobs. It merely prevents school boards from arbitrarily deciding not to renew the contract of a worthy teacher under a promotional contract who, like Rousselle, has received positive annual evaluations and a recommendation from the superintendent for contract renewal.
As discussed in Attorney General Opinion 92-353, the right to renew or terminate a performance contract is subject to conditions as determined by the Legislature, it is not a "vested" right of the school board. However, the board has the right to decline to renew a contract when the board is in compliance with the requirements of the applicable law.
In Wright v. Caldwell Parish School Board, 98-1225 (La. 3/2/99)733 So.2d 1174, the Second Circuit found that the Teacher Tenure Law requirement of 120 days notice of termination of a promotional contract applied only to subsequent contracts of employment and not initial contracts.
In Burns v. Monroe City School Bd., 22-050 (La.App. 2 Cir. 4/3/98,)577 So.2d 1205, plaintiff brought suit against the school board alleging wrongful discharge from a position as Supervisor of Child Welfare and Attendance. Plaintiff was discharged subject to the school board's reduction in force policy. However, another supervisor who had no certification was retained. Based on LSA-R.S. 17:444(B)(3) the Second Circuit Court of Appeal held that the superintendent had no board authority or action to warrant a notice of contract termination. The Court found that the board did not act in the matter until less than sixty days before reconduction of the contract. The Court found that the plaintiff was entitled to remain in her contact position of supervisor for two additional years through reconduction of her original contract. Although the school board did not fix the term of plaintiff's contract, the written contract which plaintiff signed provided for a term of two years. Plaintiff was entitled to recover as damages for breach of contract the difference between the compensation due her as supervisor and that paid to her as a teacher plus the appropriate contribution to the teachers' retirement system.
In Smith v. Ouachita Parish School Board, 29,873, (La.App. 2 Cir. 9/24/97), 702 So.2d 727, a tenured teacher who served as a guidance counselor and was thereafter transferred to other positions brought action against the school board. The Court found that the transfer of the plaintiff from a teaching position to a guidance counselor was a promotion under LSA-R.S. 17:444. The board failed to prepare and execute a written contract with plaintiff. Also, plaintiff had no "terms and performance objectives" set forth in a written contract as contemplated by the statute. Plaintiff was a guidance counselor during the school years 1987-88, 1988-89 and 1989-90. She received "satisfactory" remarks on her observation and evaluations until March 1990 when she received a "needs improvement" mark.
The Second Circuit Court of Appeal found that the failure of the board to prepare and execute a written contract with the plaintiff for at least the required minimum two-year term should not deprive plaintiff of the protection of LSA-R.S. 17:444(B)(3)(c) that she be "removable for cause" and in the "manner" emphasized in the statute. The Court also found that even if plaintiff should have pursued a hearing after she was removed by the board, the board still lacked cause for her removal because the board did not obtain a written contract obligating her to specific "performance objectives" or remove herein the "manner" the statute directs. (LSA-R.S.17:444(B)(3)) Plaintiff was not afforded due process when she was demoted and transferred without the benefit of notice and hearing as required by statute.
In response to your first question, it appears that where promotional contracts for the employment of a certificated personnel have expired on its terms and the required notice of one hundred and twenty days prior to the termination of employment under such contract to terminate or renew has not been given, reconduction of the terms of the original contract occurs. (See LSA-R.S. 17:463(B)(4)(b)(i)). The board is mandated to negotiate and offer a new contract at the expiration of each existing contract unless the conditions as provided for in LSA-R.S.17:463(B)(4)(b)(iv) occurs.
In response to your second question where appointments have been made after July 31, 1985, to certificated positions higher than that of teachers without executing written contracts of employment for such appointments, these employees should be afforded the protection of LSA-R.S. 17:463B(4)(b)(iii). Also, these employees shall be retained during the statutory minimum two year contract term, unless the employee is found incompetent or inefficient. Before an employee can be removed during the contract period, he shall have the right to written charges and a fair hearing before the board after reasonable written notice. As provided for in LSA-R.S. 17:463B(3), employment pursuant to this section shall be for a period of not more than four years nor less than two. If there is evidence to support that an employee was hired for more than two years, then that term of employment shall apply.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ BETH CONRAD ROBINSON ASSISTANT ATTORNEY GENERAL
RPI:BCR:sc
Date Received: October 1, 2001
Date Released: December 4, 2001